E-FILED
Thursday, 24 July, 2025 01:48:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JANE DOE 1, and JANE DOE 2**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **CHESTNUT HEALTH SYSTEMS, INC.** <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 1:24-cv-01475-JEH-RLH <br> Honorable Jonathan E Hawley |

**PLAINTIFFS' MEMORANDUM IN LAW IN SUPPORT OF THEIR MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**

Plaintiffs Jane Doe I and Jane Doe II ("Plaintiffs") respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Proceed Under Pseudonym.

**I.     BACKGROUND**

Plaintiffs are patients of Chestnut Health, a behavioral and human services healthcare provider which provides, *inter alia*, substance use treatment and prevention, mental health treatment and housing for persons with mental illness, and primary care treatment and preventative services. Doc. 1 ("Compl.") ¶ 38. Plaintiffs were treated by Defendant for mental health conditions including a major depressive disorder and an eating disorder. *Id*. ¶¶ 103-104, 118-119. This case arises from the non-consensual intrusion into, and disclosure of, Plaintiffs' personal and private matters, namely their personally identifying information, including their names ("PII") and protected health information, including their patient-status, health-status, diagnoses, and medical treatment information ("PHI"). *See Id*. ¶¶ 93-131. As a result, this litigation will involve the additional disclosure and possible filing of Plaintiffs' PHI and PII. Due to the sensitive and vulnerable nature of Defendant's services and patient group, Plaintiffs' status as patients of

1

Defendant, along with the rest of their PHI and PII, warrant special protection. Thus, Plaintiffs request permission to proceed under pseudonyms to protect their identities and their sensitive PHI and PII from further public disclosure.

II.     ARGUMENT

Though anonymous litigation is disfavored, it may  be permitted under exceptional circumstances. *Doe ex rel. Doe v. Elmbrook School Dist.*, 658 F.3d 710, 722 (7th Cir. 2011) (internal citations omitted), *overruled on other grounds by Doe ex rel. Doe v. Elmbrook School Dist.*, 687 F.3d 840 (7th Cir. 2012).  "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Thus, "fictitious names are allowed when necessary to protect . . . particularly vulnerable parties." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). The decision whether to allow a party to proceed pseudonymously is within the discretion of the court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

The right to privacy of healthcare information is broadly recognized by federal and state law—which underscores Plaintiffs' privacy interests in this case. *See* Compl. ¶¶ 140-159. For example, Congress acknowledged the importance of the privacy of medical records when it enacted HIPAA in 1996. *Nat'l Abortion Fed'n v. Ashcroft*, 04 C 55, 2004 U.S. Dist. LEXIS 1701, at *6 (N.D. Ill. Feb. 5, 2004). Illinois law concerning the confidentiality of patient medical records is even more restrictive than HIPAA. *Id*. at *9-10. Indeed, the Illinois Code of Civil Procedure states that "no physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her

2

professionally to serve the patient" unless one of eleven enumerated conditions exist. *Id.* (quoting 735 ILCS 5/8-802).

In *Doe v. ProHealth Care*, the plaintiff brought claims against his healthcare provider regarding the defendant disclosing his PII and PHI to third parties, including Meta Platforms, Inc., as is the case here too. Case No. 23-cv-0296-bhl, 2023 U.S. Dist. LEXIS 57887, at *1 (E.D. Wis. Apr. 3, 2023). The *ProHealth* plaintiff moved to proceed anonymously, arguing he was "particularly vulnerable" because publication of his real name alongside any of his improperly released PII and PHI would make him a prime target for "identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish and other negative consequences." *Id.* at *2. In granting the plaintiff's motion, the court noted that the United States Department of Health and Human Services ("HHS") recently released guidance materials, warning:

> [A]n impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI.

*Id.* (citing U.S. Dep't of Health & Human Servs., Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last visited Mar. 29, 2023). The court further considered that there would be virtually no prejudice to the defendant because the plaintiff promised to reveal his true identity to the defendant so the defendant could adequately investigate his claims. *Id.* at *3. Finally, the court ruled "[i]t is also noteworthy that public disclosure of Doe's identity might cause him to incur 'the injury litigated against.'" *Id.* (citing *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017)).

Here, Plaintiffs allege Defendant disclosed information related to Jane Doe 1's treatment as a "mental health inpatient for Major Depressive Disorder and an eating disorder in 2023" and

3

her searches for physicians and services regarding mental health counseling. Compl. ¶¶ 103-104. Similarly, Jane Doe 2 alleges Defendant disclosed her treatment for psychiatric care and her searches for support groups. *Id*. ¶¶ 118-119. Thus, Plaintiffs have substantial privacy interests in proceeding pseudonymously because the litigation process may reveal sensitive medical information. Indeed, denial of Plaintiffs' motion would publicize that they ***currently receive*** medical care for the vulnerable and particularly sensitive conditions stated. There is also the potential for embarrassment given the nature of the Complaint regarding the health, treatment, and diagnoses of Plaintiffs. Moreover, here too, as in *ProHealth*, Plaintiffs will negotiate a protective order with Defendant that will allow the true identities of Jane Doe 1 and Jane Doe 2 to be revealed to defense counsel so Defendant can investigate and defend against the lawsuit.

1.      As in *ProHealth,* the Court should allow Plaintiffs to proceed anonymously because they are "particularly vulnerable;" indeed, they are patients under Defendant's care for serious mental health conditions. Furthermore, as in *ProHealth*, there will be no prejudice to Defendant as Plaintiffs will reveal their true identities to Defendant to allow Defendant to investigate their claims. On balance, the privacy interests in protecting Plaintiffs' identities from being publicly released, including the highly personal and potentially stigmatizing medical information implicated by this action and their desire to prevent their PII and PHI from being further publicized, override the right of public access.

Any public interests which favor publicity of litigant's identities are outweighed by Plaintiffs' interest in maintaining the privacy of their psychiatric conditions and healthcare information. Thus, the Court should grant Plaintiffs' motion.

III.    **CONCLUSION**

4

Plaintiffs respectfully request that the Court enter an order permitting them to proceed under pseudonyms.

Dated:  July 24, 2025                          Respectfully submitted,

*By: /s/ Raina C. Borrelli*
Lynn A. Toops, No. 6333743
**COHEN MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

J. Gerard Stranch, IV *
Andrew E. Mize *
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
amize@stranchlaw.com

Samuel J. Strauss, No. 6340331
Raina C. Borrelli, No. 6340619
**STRAUSS BORRELLI, PLLC**
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

***Counsel for Plaintiff and the Proposed Class***

5

**CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on July 24, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record, below, via the ECF system.

DATED this 24th day of July, 2025.

STRAUSS BORRELLI PLLC

By:  */s/ Raina C. Borrelli*
      Raina C. Borrelli
      raina@straussborrelli.com
      STRAUSS BORRELLI PLLC
      One Magnificent Mile
      980 N Michigan Avenue, Suite 1610
      Chicago IL, 60611
      Telephone: (872) 263-1100
      Facsimile: (872) 263-1109