E-FILED
Tuesday, 10 March, 2026 05:26:31 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JANE DOE 1**, on behalf of herself and all others similarly situated, | Case No. 1:24-cv-01475-JBM |
| Plaintiffs, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | **JURY TRIAL DEMANDED** |
| **CHESTNUT HEALTH SYSTEMS, INC.** | |
| Defendant. | |

**DEFENDANT CHESTNUT HEALTH SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Chestnut Health Systems, Inc. (hereinafter "CHS"), by and through its undersigned counsel, Cipriani & Werner P.C., hereby files this Answer to Plaintiff Jane Doe 1's (hereinafter "Plaintiff") Second Amended Complaint (hereinafter "SAC") and asserts its Affirmative Defenses as follows:

## INTRODUCTION[1]

1. Admitted in part and denied in part. CHS admits only that Plaintiff has initiated a putative class action but it denies the factual allegations that form the basis of the SAC. CHS denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter. The remaining averments are denied.

2. The press release and letter to which Plaintiff refer are in writing and speak for themselves. To the extent that the averments in this paragraph differ in any respect from

[1] CHS utilizes the same headings as those in Plaintiff's SAC for ease of reference only and the inclusion of these headings is not intended to convey an admission as to their contents. To the extent any heading is intended as an averment in the SAC, such averments are denied.

the written documents, or to the extent that this paragraph mischaracterizes the contents of the press release and letter, CHS denies the averments.

3. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

4. Admitted in part and denied in part. CHS admits only that the Department of Health and Human Services ("HHS") has established the Privacy Rule pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and that this rule governs the use and disclosure of protected health information ("PHI"). The Privacy Rule to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the Privacy Rule, CHS denies the averments. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments related to the reasons HHS established the Privacy Rule and therefore these averments are denied. With respect to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

5. Admitted.

6. The bulletin to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

7. The bulletin to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

8. The bulletin to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

9. Denied. CHS is a behavioral health and human services provider headquartered in Bloomington in McLean County, Illinois that offers primary care, dental care, and mental health and substance abuse treatment services in Illinois and Missouri. Chestnut Health is not located in Hancock County, does not have an emergency room, and does not offer surgical procedures or medical imaging technology. Upon information and belief, the allegations in this Paragraph refer to Memorial Hospital of Carthage, Illinois, specifically from the "About Us" page of the Memorial Hospital's website[2] and this information does not apply to CHS. Accordingly, such averments are denied.

10. Admitted in part and denied in part. CHS admits only that it implemented tracking technologies onto its Marketing Website (www.chestnut.org). CHS denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter. With respect to the balance of the averments, CHS is without sufficient information to form a response as to the truth or falsity of the averments, therefore they are denied.

11. Denied as stated. CHS admits that its Marketing Website allows patients to access basic information about CHS—including CHS's locations and services, CHS's medical providers, payment and insurance information, and CHS's health blog. CHS's Marketing Website also allows a user to contact CHS to request an appointment. CHS's Marketing Website does not allow a user to communicate with medical professionals or

---

[2] https://www.mhtlc.org/about/

access medical records, as those actions are limited to CHS's Patient Portal website (mycw89.ecwcloud.com/portal11850).

12. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS specifically denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

13. Admitted in part and denied in part. CHS admits only that it utilized tracking technologies (the "Tracking Companies") on its Marketing Website. The remainder of the averments in this paragraph are denied. By way of further response, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of Plaintiff's use of the Marketing Website and their state of mind, therefore these averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter. CHS specifically denies the averment that it utilized tracking technologies on its "Online Platforms" other than the Marketing Website.

14. The websites to which Plaintiff cites are in writing and speaks for themselves. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the websites, CHS denies the averments. With respect to the balance of the averments in this Paragraph, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

15. The websites to which Plaintiff refers are in writing and speaks for themselves. To the extent that the averments in this paragraph differ in any respect from

the written documents, or to the extent that this paragraph mischaracterizes the contents of the websites, CHS denies the averments. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

16. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

17. The website to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. With respect to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

18. The website to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. With respect to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

19. The website to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. With respect to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

20. Denied. After reasonable investigation the averments of this paragraph are generally denied.

21. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

22. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

23. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

24. Admitted in part and denied in part. CHS admits only that it utilized the tracking technologies of the Tracking Companies on its Marketing Website. With respect to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

25. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

26. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS specifically denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

27. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS specifically denies the averments in this paragraph to the extent that it purports to

characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

28. Denied. The allegations in this Paragraph are denied and strict proof thereof is demanded at trial. CHS specifically denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

29. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

30. Denied as stated. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

31. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

32. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

33. Admitted in part and denied in part. CHS admits only that Plaintiff purports to bring the causes of action listed. CHS denies the allegations of the causes of action and further denies that Plaintiff has been harmed and/or is entitled to relief.

**PARTIES**

34. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied.

35. Admitted.

## JURISDICTION AND VENUE

36. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

37. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

38. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments within this paragraph are denied.

## COMMON FACTUAL ALLEGATIONS

### A. BACKGROUND

39. Admitted.

40. Admitted.

41. The website to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

42. Admitted in part and denied as stated in part. CHS admits that its Marketing Website allows patients to access basic information about CHS—including CHS's locations and services, CHS's medical providers, payment and insurance information, and CHS's health blog. CHS's Marketing Website also allows a user to contact CHS to request an appointment. CHS's Marketing Website does not allow a user to communicate with

medical professionals or access medical records, as those actions are limited to CHS's Patient Portal website.

43. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

44. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

***i. Facebook's Business Tools and the Meta Pixel***

45. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

46. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

47. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

48. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

49. Admitted in part and denied as stated in part. CHS denies that cookies or pixel trackers are "surreptitious" in any way. Cookies have been a part of internet

architecture for decades and internet users are generally aware that website interactions are captured by the website host using cookies. As to the balance of the averments in this paragraph, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

50. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

51. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

52. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

53. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

54. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

55. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

### *ii. Defendant's method of transmitting Plaintiff's and Class Members' Private Information via the Meta Pixel and/or Conversions API i.e., the Interplay between HTTP Requests and Reponses, Source Code, and the Meta Pixel*

56. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

57. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

58. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

59. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

60. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

61. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

62. . CHS denies the implication that web browser users are unaware that cookies log user interactions with a website. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

63. Denied. By way of further response, CHS denies that the Meta Pixel acts like a "traditional wiretap." A traditional wiretap involves physical access to the means of communication that diverts the contents of a conversations to a third-party without one or both of the parties' knowledge. By contrast, a Meta Pixel is embedded within the website source code, which is freely available for review by the website user at any time (and in this way, is part of the communication itself). Unlike a traditional wiretap, Meta Pixel logs user interactions—not the content of conversations—and sends them to the third party at the request of the website host.

64. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

65. CHS denies that it takes "substantial work and technical know-how" to circumvent cookies. Nearly every browser has an "incognito" or "private" browsing mode that prevents cookies, and there are some browsers, such as duckduckgo that market themselves as privacy-centric by disabling cookies at all times. It is very easy for a user to circumvent cookies using modern web browsers. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

66. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

67. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

68. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied. By way of further response, third-party trackers log user interactions that a website user voluntarily makes on a website and these logged user interactions are sent to third parties. At no point does an embedded tracker in website source code "commandeer" a computer device or web browser. Tracking technologies are traditional tools that have been used for decades on the internet. They are not hidden, and most internet users are aware they exist.

69. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS further denies that "Private Information" as defined by Plaintiff was implicated by the tracking technologies. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

70. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS further denies that "Private Information" as defined by Plaintiff was implicated by the tracking technologies. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

***iii. Defendant's Other Trackers: Google Analytics with Google Tag Manager, Frequence, Simpli.fi, The Trade Desk, DoubleClick Ads, distillery, ninjacat, Media6Degrees, Neustar, Adobe Audience Manager, Federated Media, Adnxs, Amobee, AtData, Oracle BlueKai, StackAdapt, Audiencerate, Krux, LiveRamp – Arbor.io (Pippio), OpenX, and LinkedIn.***

71. Admitted in part and denied in part. CHS admits only that it employed tracking technologies from the Tracking Companies on its Marketing Website. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of whether Plaintiff had knowledge or authorization of the tracking technologies on CHS's Marketing Website and therefore these averments are denied. The remainder of the averments in this paragraph are denied.

72. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

73. CHS admits only that Google Analytics allows CHS to track and share with Google (1) who uses its website; (2) what is performed on its website; (3) when users visit its website; (4) where on the website users perform these actions; and (5) how users navigate through the website to perform these actions. The entity "WH" is not defined and after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the remaining averments in this paragraph and they are therefore denied. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

74. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

75. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies

the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

76. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

77. Admitted in part. CHS admits only that its Marketing Website utilized the Frequence tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. As to the balance of the averments, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

78. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

79. Admitted in part. CHS admits only that its Marketing Website utilized the Simpli.fi tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the

contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

80. Admitted in part. CHS admits only that its Marketing Website utilized the Trade Desk tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

81. Admitted in part. CHS admits only that its Marketing Website utilized the Double Click Ads tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

82. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

83. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

84. Admitted in part. CHS admits only that its Marketing Website utilized the Distillery tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

85. Admitted in part. CHS admits only that its Marketing Website utilized the Media6Degrees tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

86. Admitted in part. CHS admits only that its Marketing Website utilized the Neustar tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response

is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

87. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

88. Admitted in part. CHS admits only that its Marketing Website utilized the Adobe Audience Manager tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

89. Admitted in part. CHS admits only that its Marketing Website utilized the Federated Media tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

90. Admitted in part. CHS admits only that its Marketing Website utilized the Adnxs tracker. CHS is without sufficient information to form a response as to the truth or

falsity of the remaining averments in this paragraph and they are therefore denied. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

91. Admitted in part. CHS admits only that its Marketing Website utilized the Amobee tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

92. Admitted in part. CHS admits only that its Marketing Website utilized the Oracle BlueKai tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

93. Admitted in part. CHS admits only that its Marketing Website utilized the StackAdapt tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a

response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

94. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

95. Admitted in part. CHS admits only that its Marketing Website utilized the Audiencerate tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

96. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

97. The website to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments.

98. Admitted in part. CHS admits only that its Marketing Website utilized the LiveRamp – Arbor.io (Pippio) tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph

differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

99. Admitted in part. CHS admits only that its Marketing Website utilized the OpenX tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

100. Admitted in part. CHS admits only that its Marketing Website utilized the LinkedIn tracker. The remainder of this paragraph refers to a website that is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the website, CHS denies the averments. To the extent that any further response is required, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

101. Admitted.

102. Admitted in part and denied in part. CHS admits only that it used trackers from the Tracking Companies on its Marketing Website. The remainder of the averments in this paragraph are denied. By way of further response, after reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of whether information related to Plaintiff was collected and Plaintiff's knowledge given Plaintiff's

current anonymity, therefore these averments are denied. CHS further denies that "Private Information" as defined by Plaintiff was implicated by the tracking technologies. CHS also denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

***iv. Defendant Violated its own Privacy Policies***

103. Admitted in part and denied in part. CHS admits only that it has a Terms of Use statement posted and maintained on its CHS's Marketing Website. CHS denies that it has a document entitled "Notice of Privacy Practices" posted and maintained on its Marketing Website, but admits that Plaintiff cites to a document entitled "Privacy Statement" that is posted and maintained on CHS's Marketing Website. As Plaintiff seems to refer to the Privacy Statement as a "Notice of Privacy Practice," CHS will treat Plaintiff's allegations referring to "Notice of Privacy Practice" as though they were referring to the Privacy Statement.

104. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

105. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

106. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

107. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

108. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

109. Denied. After reasonable investigation the averments of this paragraph are generally denied.

110. The document to which Plaintiff refers is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the document, CHS denies the averments.

111. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS also denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

***v. Defendant Unauthorizedly Disclosed Plaintiff's and the Class's Private Information via the Meta Pixel and Related Tracking Technologies***

112. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS also denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a

member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

113. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS also denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

**<u>Chestnut Health's Use of Tracking Technology</u>**

114. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph particularly given Plaintiff's current anonymity, therefore these averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

115. Denied. After reasonable investigation, the averments of this paragraph are generally denied.

116. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

117. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

118. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it

purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

119. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

120. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

Chestnut Health Shared Patients' Keyword Searches

121. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

122. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

Chestnut Health Shared Patients' Contact Activities

123. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

124. Denied. After reasonable investigation the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it

purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

Chestnut Health Shared Patients' Payment Activities

125. Denied. After reasonable investigation the averments of this paragraph are generally denied.

Chestnut Health Shared Patients' Patient Portal Activities

126. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

127. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied.

128. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied.

129. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

***vi. Facebook Receives Private Information from Defendant and then Processes It and Sells Access to the Data in the Form of Targeted Advertisements.***

130. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph

are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

131. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

132. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

133. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

134. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

135. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that

it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

136. Denied. After reasonable investigation CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore the averments of this paragraph are generally denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

137. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph and they are therefore denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

**B. Plaintiff's Experiences**

138. (Plaintiff's Second Amended Class Action Complaint is missing paragraph 138)

139. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

140. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

141. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

142. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

143. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

144. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph and they are therefore denied.

145. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph therefore these averments are denied.

146. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

147. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

148. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

149. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

150. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

151. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

152. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph and they are therefore denied.

153. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph and they are therefore denied.

### C. Investigations and Reports Reveal the Meta Pixel's Impermissible Collection of PHI

154. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

155. The report to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents,

or to the extent that this paragraph mischaracterizes the contents of the report, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

156. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

157. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

158. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

159. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation,

CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

160. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments. To extent that further response is required, after reasonable investigation, CHS is unable to answer as to the truth or falsity of the allegations in this paragraph, therefore they are generally denied.

161. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments.

**D. Defendant Violated HIPAA Standards**

162. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

163. The guidance to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the guidance, CHS denies the averments.

164. The guidance to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the guidance, CHS denies the averments.

165. The guidance to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written

documents, or to the extent that this paragraph mischaracterizes the contents of the guidance, CHS denies the averments.

166. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

167. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

168. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

169. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

170. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

### E. Defendant Violated FTC Standards, and the FTC and HHS Take Action

171. The guidance to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the guidance, CHS denies the averments.

172. The letter to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the letter, CHS denies the averments.

173. The letter to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the letter, CHS denies the averments.

174. The statement to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the statement, CHS denies the averments.

175. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

176. This paragraph contains references to written documents and conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

177. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

178. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents,

or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

179. The bulletin to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the bulletin, CHS denies the averments.

**F. Defendant Violated Industry Standards**

180. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

181. The code to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the code, CHS denies the averments.

182. The ethics opinion to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the ethics opinion, CHS denies the averments.

183. The ethics opinion to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the ethics opinion, CHS denies the averments.

184. The ethics opinion to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the ethics opinion, CHS denies the averments.

**G. Defendant Violated Standards Set Forth in Illinois Law**

185. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

186. The statute to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the statute, CHS denies the averments.

187. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

188. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

189. The statute to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the statute, CHS denies the averments.

190. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

**H. Plaintiff's and Class Members' Expectation of Privacy**

191. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

**I. IP Addresses are Personally Identifiable Information**

192. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiffs' current anonymity, therefore these averments are denied.

193. Admitted.

194. Admitted.

195. Admitted.

196. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

197. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

198. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

199. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

**J. Defendant Was Enriched and Benefitted from the Use of Trackers and Unauthorized Disclosures**

200. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

201. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

202. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

203. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

**K. Plaintiff's and Class Members' Private Information Had Financial Value**

204. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

205. The opinion to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the opinion, CHS denies the averments.

206. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph, therefore these averments are denied.

207. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents,

or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments.

208. The article to which Plaintiff cites is in writing and speaks for itself. To the extent that the averments in this paragraph differ in any respect from the written documents, or to the extent that this paragraph mischaracterizes the contents of the article, CHS denies the averments.

## TOLLING, CONCEALMENT, AND ESTOPPEL

209. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

210. Admitted in part and denied in part. CHS admits only that it incorporated tracking technologies from the Tracking Companies on its Marketing Website. The remainder of the averments in this paragraph are denied.

211. Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

212. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

## CLASS ALLEGATIONS

213. Admitted in part and denied in part. CHS admits only that Plaintiff purports to bring this action as a class action. CHS denies the remaining averments in this paragraph and denies that a class should be certified in this matter.

214. This paragraph sets forth Plaintiff's proposed Nationwide Class definition and does not require a response. To the extent that any additional response is required, CHS denies the averments and denies that any class should be certified in this action. CHS

expressly reserves all rights to contend that other persons must be excluded from any class in the event that this Court were to grant certification in whole or in part.

215. This paragraph sets forth Plaintiff's proposed Illinois Subclass definition and does not require a response. To the extent that any additional response is required, CHS denies the averments and denies that any class should be certified in this action. CHS expressly reserves all rights to contend that other persons must be excluded from any class in the event that this Court were to grant certification in whole or in part.

216. This paragraph refers to an internal shorthand definition for the Complaint and does not require a response. To the extent any additional response is required, the averments are denied.

217. This paragraph sets forth Plaintiff's exclusions from the proposed Nationwide Class definition and Illinois Subclass definition and does not require a response. To the extent that any additional response is required, CHS denies the averments and denies that any class should be certified in this action. CHS expressly reserves all rights to contend that other persons must be excluded from any class in the event that this Court were to grant certification in whole or in part.

218. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied.

219. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

220. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

221. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

222. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

223. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

224. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

225. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

226. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

227. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied.

To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

228. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

229. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

230. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

231. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, they are denied. To the extent that any response is required, it is denied that Plaintiff can properly maintain this action under Rule 23 of the Federal Rules of Civil Procedure.

## COUNT III
## BREACH OF EXPRESS CONTRACT
## (On Behalf of Plaintiff and the Class)

232. CHS hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

233. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS further

denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

234. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

235. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

236. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

237. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

238. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

239. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

240. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

241. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter. Finally, CHS specifically denies that Plaintiff is entitled to receive the damages demanded.

## COUNT IV
## BREACH OF IMPLIED CONTRACT
## (On Behalf of Plaintiff and the Class)

242. CHS hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

243. Denied. After reasonable investigation, CHS is without sufficient information to form a response as to the truth or falsity of the averments in this paragraph given Plaintiff's current anonymity, therefore these averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

244. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

245. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

246. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

247. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

248. Denied. CHS specifically denies that any implied contracts as referenced in this paragraph existed. To the extent any additional response is required, the averments are denied and strict proof thereof is demanded at trial. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

249. Denied. CHS specifically denies that any implied contracts as referenced in this paragraph existed. To the extent any additional response is required, the averments are denied and strict proof thereof is demanded at trial. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

250. Denied. CHS specifically denies that any implied contracts as referenced in this paragraph existed. To the extent any additional response is required, the averments are denied and strict proof thereof is demanded at trial. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

251. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. CHS specifically denies that any implied contracts as referenced in this paragraph existed. To the extent any additional response is required, the averments are denied and strict proof thereof is demanded at trial. CHS further denies the

averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

252. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter. Finally, CHS denies that Plaintiffs are entitled to recover damages.

**COUNT V**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

253. CHS hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

254. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied.

255. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

256. After reasonable investigation, CHS is unable to answer to the truth or falsity of the allegations in this paragraph, therefore the allegations are generally denied. CHS

further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

257. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

258. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

259. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

260. This paragraph contains conclusions of law to which no response is required. To the extent that this paragraph contains any mischaracterizations of law, such mischaracterizations are denied. To the extent any additional response is required, the averments are denied. CHS further denies the averments in this paragraph to the extent that it purports to characterize Plaintiff as a member of a class as no class has been certified and CHS denies that any class should be certified in this matter.

**WHEREFORE**, Defendant Chestnut Health Systems, Inc. demands judgment in its favor and against Plaintiff including costs and any reasonable relief deemed proper by this Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they failed to mitigate any alleged damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not plausibly alleged and cannot prove that CHS proximately caused the injuries alleged by Plaintiff. The harm Plaintiff allegedly experienced, if any, was caused by superseding and intervening causes including factors, persons, or entities other than CHS.

### THIRD AFFIRMATIVE DEFENSE

At all times material to the SAC, CHS fulfilled any duty owed to Plaintiff and the proposed Class.

### FOURTH AFFIRMATIVE DEFENSE

At all times material to the SAC, CHS employed reasonable industry standard security policies, procedures, and controls.

### FIFTH AFFIRMATIVE DEFENSE

CHS complied with all obligations set forth by state and federal regulation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff could have prevented the alleged harm by changing her web browser settings but failed to do so.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel by virtue of their actions and inactions.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's SAC, and each remaining cause of action, is barred in whole or in part by Plaintiff's own negligence, carelessness, or recklessness; *or* the intervening negligence, recklessness, or willful misconduct of third parties for which CHS is not liable. By reason thereof, Plaintiff's damages, if any, must be reduced by the proportion of fault attributable to such other parties.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's SAC, and each cause of action, are barred because at all times material to the SAC, CHS and its agents acted without malice and acted reasonably and with a good faith belief in the lawfulness of their conduct based on all relevant facts and circumstances know by them at the time they acted.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's SAC, and each purported cause of action, is barred in whole or in part on the grounds that CHS complied or substantially complied with all applicable laws underlying the SAC or took reasonable efforts to comply with all applicable laws.

RESERVATION OF RIGHTS

CHS has insufficient knowledge or information upon which to form a basis as to

whether it may have additional, as yet unstated, defenses available. CHS has not knowingly or intentionally waived any applicable separate and additional or affirmative defenses and reserves the right to raise additional defenses as they become known to it through discovery in this matter. CHS further reserves the right to amend its answer and/or its separate and additional defenses accordingly and/or to delete separate and additional defendants that it determines are not applicable during the course of subsequent discovery.

Respectfully submitted,

Date: March 10, 2026

*/s/Conor J. Hafertepe*

Jill H. Fertel
Conor J. Hafertepe
**CIPRIANI & WERNER, P.C.**

Three Valley Square, Suite 305
512 E. Township Line Road
Blue Bell, PA 19422
Tel: (610) 567-0700
Fax: (610) 567-0712
E: jfertel@c-wlaw.com
E: chafertepe@c-wlaw.com

*Attorneys for Chestnut Health Systems, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Defendant Chestnut Health Systems, Inc.'s Answer and Affirmative Defenses* was electronically filed with the Clerk of the Clerk using CMF/ECF which will deliver electronic copies of this filing to the designated emails addresses for all counsel of record.

Date: March 10, 2026

*/s/Conor J. Hafertepe*
Conor J. Hafertepe